UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20536-14

v.

JESSE WAYNE PETERSON
_____/

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.     Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

<u>X</u>     (1)     The Government moved for detention at the Defendant's first appearance pursuant to:

    <u>X</u>     18 U.S.C. § 3142(f)(1).

    ___     18 U.S.C. § 3142(f)(2).

___     (2)     A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2). See part D for findings.

**B.     Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

___     (1)     The Defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

___     (2)     The offense described in finding was committed while the Defendant was on release pending trial for a federal, state or local offense.

__ (3) A period of less than five years has elapsed since

   __ the date of conviction, **or**

   __ the Defendant's release from prison for the offense described in finding (B)(1).

__ (4) Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

C.  **Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the Defendant has committed an offense:

<u> X </u>  for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*)[1], **or**

   __ under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

   __ listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

   __ listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

   __ involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

D.  **Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__ (1) There is a serious risk that the Defendant will not appear.

__ (2) There is a serious risk that the Defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

\_\_ by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

\_\_ by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

 X  both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, both powder and crack cocaine. I further find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 27 years of age, is single and has consistently lived in Michigan. Most recently, he has resided with his father at an address on South Jackson Street in Bay City. Prior to that, he resided at various addresses in Bay City. Defendant has a tenth-grade education, is unemployed and is receiving food

stamps. He undertakes odd jobs when he can. His last steady employment appears to be approximately 10 years ago when he worked for a car wash. Defendant conceded to Pretrial Services that in the past he has used marijuana. The Pretrial Services report corroborates the proffer by the Government that Defendant has currently pending a warrant from the Bay County District Court for failure to appear on a driving offense.

In 2000 and 2001, Defendant pled guilty to three different alcohol-related driving offenses. In October 2001, he pled guilty to assault and battery and received a brief jail sentence. Between February and April 2002, Defendant pled guilty to three more traffic and alcohol related offenses including a failure to report a traffic accident. In August 2000, Defendant pled guilty to malicious destruction of property and received a brief period of incarceration. On the same day, he pled guilty to possession and use of marijuana. He was sentenced to 30 days' custody. One month later, he pled guilty to driving while license suspended and received a fine.

In March 2003, Defendant pled guilty to domestic violence and served 60 days' custody. In March 2004, Defendant pled guilty to attempted possession of marijuana, and was sentenced to 30 days' custody. A year and a month later, Defendant pled guilty to domestic violence, second offense. He was sentenced to 12 months' probation and 15 days' custody. In January 2007, Defendant was terminated from probation without success as a result of additional arrests and convictions. Those included a February 2006 plea of guilty to driving while license suspended and a June 2007 plea of guilty to possession of marijuana, second offense, as well as fleeing and eluding police officers, which is a felony offense under Michigan law. Defendant received three years' probation. He was discharged from probation, again on an unsatisfactory basis, as a result of additional convictions while on that probation. In January 2008, he pled guilty to traffic offenses, and in September 2008, he pled guilty to assault and battery. The Government proffers that this guilty plea also included a

charge of indecent exposure.

The Government also proffers that Defendant's state district court records indicate that on at least 12 occasions he failed to appear as required, the most recent being in October 2009, which lead to the previously-described warrant. According to the Assistant United States Attorney, state probation records also describe a positive urinalysis test and multiple allegations of probation violations.

Counsel for Defendant proffered a potential third-party custodianship and residence with his family as possible conditions of bond. However, it is clear from Defendant's pattern of behavior that his family has been entirely incapable of controlling him. I therefore cannot conclude that they would be suitable custodians for Defendant, were he placed on bond.

As I weigh these circumstances under the standards set forth in the Bail Reform Act, I conclude first that the presumption in favor of detention has not been rebutted on the evidence presented. In light of Defendant's consistent failure to abide by conditions of court supervision or to report as required by court authorities in cases of primarily a misdemeanor nature, I find it extremely unlikely that Defendant would comply with any conditions of bond set by this Court. I therefore conclude that there are no conditions nor any combination of conditions which would reasonably assure the safety of the community or Defendant's appearance and thus the Government's motion to detain is **GRANTED**.

**Part III - Directions Regarding Detention**

The Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The Defendant must be afforded a reasonable opportunity to consult privately with defense

counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

                                                s/ *Charles E Binder*
                                                CHARLES E. BINDER
Dated: November 17, 2009            United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and George Bush, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 17, 2009       By    s/*Jean L. Broucek*
                                          Case Manager to Magistrate Judge Binder